CHRISTY *v.* RICE.

1. MALICIOUS PROSECUTION — ADVICE OF COUNSEL — PROSECUTING ATTORNEY—EVIDENCE.

Where defendant, on applying to the prosecuting attorney to institute a prosecution against plaintiff for perjury in justifying on a liquor bond, was informed that the prosecutor would act only upon his own investigation, and later, at the prosecutor's request, swore to a complaint prepared by the prosecutor, the prosecutor and not defendant was responsible for the prosecution, notwithstanding the prosecutor is unable to state to whom he applied for information while conducting his own investigation.

2. SAME—INVESTIGATION BY PROSECUTING ATTORNEY—EFFECT.

Where defendant, on applying to the prosecuting attorney to institute a prosecution against plaintiff for perjury in justifying on a liquor bond, was denied a warrant until the prosecutor had made an independent investigation of the facts, he had a right, when subsequently informed by the prosecutor that he had satisfied himself by an investigation that there was probable cause for instituting the prosecution and requested to make oath to a complaint prepared by the prosecutor, to assume that the prosecutor was instituting the prosecution on behalf of the public.

3. SAME—PERJURY—EVIDENCE—MATERIALITY.

In the determination of the question whether in fact there was probable cause for instituting a prosecution for perjury in justifying on a liquor bond the material facts were, (1) what property had accused at the time, and (2) was it worth, over and above exemptions, $3,000? If it was not, was the difference so wide as to justify a fair inference that accused knowingly falsified? Whence the attitude of the complaining witness with respect to accepting the bond, and his previous statement that he considered accused qualified, were immaterial, and of no importance in a subsequent action for malicious prosecution.

Error to Kent; Perkins, J. Submitted April 10, 1908. (Docket No. 31.) Decided May 1, 1908.

Case by William H. Christy against Frank E. Rice for malicious prosecution. There was judgment for plaintiff, and defendant brings error. Reversed.

*Smedley & Corwin*, for appellant.

*Dunham & Dunham*, for appellee.

MONTGOMERY, J. The defendant was, in May, 1906, president of the village of Sparta. There was presented to the common council of the village a saloon-keeper's bond signed by the plaintiff and one F. J. Baird as sureties. This bond was approved by a majority vote of the council, and a day or two later, the defendant, at the request of, or, at least, after a conference with, other citizens of the village, and after a paper had been circulated signed by numerous parties, and among others, the defendant, providing for furnishing the means of prosecuting the case if necessary, went to Grand Rapids and called upon the prosecuting attorney of the county, stating that he came to institute prosecution against Mr. Christy, the present plaintiff, for perjury in justifying upon the bond, in which justification Christy had sworn that he was worth $3,000 in real estate over and above all exemptions and indebtedness. He stated correctly to the prosecutor what real estate plaintiff owned. He also gave his own opinion as to its value. The prosecutor stated to him that he must understand that a man might place a different estimate upon the value of property owned by himself than others would, and that some allowance must be made for variance in judgment. The prosecutor's testimony, and it is undisputed, is to the effect that he claimed to Mr. Rice the right to make investigation in defense of the accused parties, and that if they ought not to be arrested, it was their right, at his hands, to be defended against arrest, and this in advance of any prosecution, and that he would not be a party to issuing papers in that kind of a case without investigation, and without satisfying himself that the parties ought to be arrested.

He states that the reason he was so emphatic in this matter was that he had known that there were factions in Sparta known as the "wet" and "dry" factions, and that he proposed to act upon his own investigation.

After stating the facts, the defendant then left the prosecutor, and the prosecutor testifies that he made an investigation on his own account, and satisfied himself that the value of the property owned by each of the sureties was far short of the $3,000 stated, and that his judgment was that Mr. Rice had put a fair valuation upon the property, as much as could be realized from the sale of the property at private sale; that four or five days after this conversation defendant came into his office, and that he had then the complaint substantially prepared. He asked the defendant to wait until he had completed it, which defendant did, and then, at the direction of the prosecutor, he went over to the justice's office, swore to the complaint, and the arrest followed, examination was had, the plaintiff was held for trial at the circuit, and on the trial of the case in the circuit, was acquitted. Plaintiff thereupon instituted this action for malicious prosecution against the defendant.

At the close of the trial the court was requested to direct a verdict for the defendant on the ground that the advice of the prosecuting attorney in this case afforded complete protection. This was refused, and defendant thereupon presented a formal request, as follows:

- "It is undisputed in this case that the defendant went to the prosecuting attorney of Kent county and laid the facts before him, and asked the prosecuting attorney for a warrant for perjury against William H. Christy. It is undisputed that the prosecuting attorney refused to issue a warrant without investigating the facts himself; and it is undisputed that the prosecuting attorney did investigate the facts and determined that there was probable cause to believe that William H. Christy was guilty of perjury, and the prosecuting attorney drew the complaint and had the defendant, Frank E. Rice, sign and swear to the same.

"Under the circumstances, I charge you that with the fact that the prosecuting attorney investigated fully the

facts and circumstances and acted on his own judgment before the complaint was made and signed by the defendant, Frank E. Rice, was a complete defense, and therefore your verdict will be no cause of action."

This request was also refused and the case submitted to the jury.

The request presented should have been granted. Under the facts as stated in this request, and which are undisputed, the defendant was not responsible for the institution of this prosecution after the declaration by the prosecutor that he would act only upon his own judgment in the matter. It is contended by the plaintiff that the whole testimony of the prosecutor leads to the inference that he was not acting entirely on his own judgment—that it is apparent that in doing what he did he relied entirely upon the statements made by the defendant. The only possible basis for such a claim as this is that the prosecutor, while testifying that he did make full investigation on his own account, was unable on this trial to state to whom he applied for the information. This is by no means conclusive, nor is it to be assumed that he is falsifying because of his want of recollection of the parties. He does name two parties of whom he thinks he made inquiry, but is not positive about it.

But this is not all. The question is, What had the defendant the right to assume at the time he called upon the prosecutor the second time and was directed by him to make oath to this complaint? The prosecutor had declared to him that he would act upon his own judgment and own investigation, and he then assured him that he had satisfied himself by an investigation that there was probable cause for instituting this prosecution. It must be assumed that defendant, in swearing to this affidavit, if he himself believed the truth of the statements, was acting under the direction of the prosecutor, and had the right to assume that the prosecutor was instituting the suit on behalf of the public. See *Smith* v. *Austin*, 49 Mich. 286; *Eno* v. *Allen*, 113 Mich. 399.

But it is claimed that the defendant did not state to the prosecuting attorney all the facts within his knowledge. The only facts which it is claimed were omitted were two. There was testimony on behalf of the plaintiff tending to show that defendant had, prior to the meeting of the council, said that he thought Christy was qualified under a $3,000 bond, and that if they could get another as good as he, he thought the people ought not to find fault with it. There was also dispute as to whether defendant had, at the meeting of the council, objected to the acceptance of the bond, although upon this question the testimony strongly tended to show that he had.

If the question of the motives of the defendant were open, these facts might be of considerable importance. But in aiding the prosecutor in determining whether in fact there was probable cause for instituting the prosecution, the material facts were, *first*, what property Christy had at the time; *second*, was it worth, over and above his exemptions, $3,000 ? If it was not, was the difference so wide as to justify a fair inference that Christy knowingly falsified ? The question of what defendant's attitude had been toward accepting the bond was not material to these questions, inasmuch as the prosecutor proposed, on his own authority, and in the outset, to make his own investigation, and so informed the defendant, and defendant relied upon that statement. As a matter of fact, on the present trial 15 witnesses were sworn as to the value and amount of plaintiff's property. Not one of them, except the plaintiff, placed a value upon the real estate which was equal to $3,000. Three of plaintiff's own witnesses fixed values of $2,875, $2,525, and $2,675, respectively, making a reasonable allowance for the life estate which was all the plaintiff had in one piece of property. Whereas the witnesses for the defendant fixed prices upon the property showing a value varying in estimate, over and above exemptions, from $1,305 to $1,785, respectively. But the important consideration is, that the prosecuting attorney assumed to make and did make his own investi-

gation and acted in his official capacity upon that investigation, independent of defendant's statement. But that this statement represented defendant's own judgment, is sufficiently evidenced by the fact that his estimate is far in excess of that of several of the witnesses called by the defendant on the trial. In fact, it is next to the highest of any given by the defense.

For the error pointed out, the judgment is reversed and a new trial ordered.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.