HALL *v.* AMERICAN INVESTMENT CO.

1. MALICIOUS PROSECUTION—ABUSE OF PROCESS—USE OF CRIMINAL LAW FOR PRIVATE PURPOSE.

   One who makes use of the criminal law for some collateral or private purpose, such as to compel the delivery of property or payment of a debt rather than to vindicate the law, is guilty of a misuse of process and a fraud upon the law.

2. SAME—ADVICE OF COUNSEL—MALICE.

   Where, in an action for malicious prosecution, defendant's agent admitted that he caused plaintiff's arrest under 3 Comp. Laws 1915, § 15385, for the purpose of regaining possession of an automobile, the payments on which were in arrears, the effect of such admission was to deprive defendant of the defense of advice of counsel and constituted strong if not conclusive proof of malice.

3. SAME—PROBABLE CAUSE.

   Under the evidence, the submission to the jury of the question of probable cause was all, if not more, than defendant was entitled to.

4. SAME—WHAT CONSTITUTES PROBABLE CAUSE IS MIXED QUESTION OF LAW AND FACT—SUBMITTED TO JURY HYPOTHETICALLY.

   What constitutes probable cause for arrest in a particular case is a mixed question of law and fact, and the correct practice requires that, where the facts are in dispute, the court shall state hypothetically what facts, if found, would constitute probable cause.

5. SAME—DUTY OF COUNSEL TO COMPILE FACTS NECESSARY TO CONSTITUTE PROBABLE CAUSE.

   It is the duty of defendant's counsel to compile all the facts, circumstances, and surroundings claimed by defendant to establish probable cause, limiting same to facts known when the prosecution was commenced, and to present said compilation to the court in the form of a re-

[1]Malicious Prosecution, 38 C. J. §§ 43, 67; [2]Id., 38 C. J. §§ 67, 81, 82; [3]Appeal and Error, 4 C. J. §§ 2887, 2891; [4]Malicious Prosecution, 38 C. J. §§ 193, 195, 204; L. R. A. 1915D, 1; 18 R. C. L. 58; 3 R. C. L. Supp. 783; 4 R. C. L. Supp. 1177; [5]Id., 38 C. J. §§ 37, 205 (Anno).

quest to charge, and it is not the duty of the trial judge to make such compilation.

6. TRIAL—INSTRUCTION PARTLY GOOD AND PARTLY BAD PROPERLY REFUSED.

Where a party asks an instruction which is partly good and partly bad, it is proper to refuse it altogether.

7. SAME—REQUEST TO CHARGE AS TO PROBABLE CAUSE PROPERLY REFUSED WHERE OBJECTIONABLE.

A request to charge in the form of a statement of facts upon which defendant relied to establish probable cause for plaintiff's arrest, in an action for malicious prosecution, was properly refused, where it contained several facts not known to defendant until after the arrest was made.

Error to Jackson; Parkinson (James A.), J. Submitted October 6, 1927. (Docket No. 46.) Decided January 3, 1928. Rehearing denied February 14, 1928.

Case by Jerry Hall against the American Investment Company for malicious prosecution. Judgment for plaintiff. Defendant brings error. Affirmed.

*Haskell L. Nichols, Cleveland G. Parshall,* and *Reuben H. Rossman,* for appellant.

*J. Adrian Rosenburg* and *F. L. Blackman,* for appellee.

FLANNIGAN, C. J. This is an action for malicious prosecution. Plaintiff, a colored man 34 years old, is an ordained minister of the gospel in charge of the Church of God in the Risen Christ, located at Jackson, Michigan. He has a wife but no children. The congregation is small and poor, affording him but about $20 monthly from its collections. To support himself and wife it was necessary that he seek other employment as and where offered. At different times he was employed in Detroit and at the Michigan Central junction and Jackson Fence Company in

---

⁶Trial, 38 Cyc. p. 1707; ⁷Malicious Prosecution, 38 C. J. §§ 37, 205; Trial, 38 Cyc. p. 1707.

Jackson.    When not otherwise occupied he solicited insurance for the Detroit Casualty Company.    He seems to have justly borne a good reputation and to have had the good will of his neighbors, white and colored.

He purchased on conditional sale contract from the B. & H. Motor Company a second-hand automobile. The price was $948.08, of which he paid $320 in cash and agreed to pay the remainder in 12 monthly installments of $52.34 each, beginning with March 6, 1926.    The contract was assigned by the B. & H. Motor Company to defendant, and Bernard W. Brighton was appointed its agent in connection with the handling of the contract and collection of the various installments.

On September 16, 1926, Brighton swore to a criminal complaint charging plaintiff with violation of section 15385, 3 Comp. Laws 1915, in that he fraudulently disposed of and concealed the automobile in question with intent to defraud defendant.    The issue of a warrant on this complaint was authorized in writing by the prosecuting attorney.    Plaintiff was arrested at his home on the afternoon of the same day, taken to the police station and locked up.    He remained in his cell until the following morning, when he was taken before a magistrate.    The proceedings before the magistrate resulted in his being sent to the county jail, where he was kept in confinement until, by paying $25 for a bond, he was able to arrange his release on September 18, 1926.    He was before the magistrate for examination on October 7, 1926, when the proceeding against him was dismissed on motion of the prosecuting attorney.

Plaintiff paid some installments on time, others behind time and others not at all.    August 29, 1926, about $130 was due and unpaid on the contract.    On that day plaintiff was conducting religious services at his church at Jackson.    The car was parked in front

of the church.    Brighton went to the church and after
the services demanded of plaintiff payment in full or
return of the car.    Plaintiff was unable to pay.
Brighton took possession of the car but released it on
plaintiff's promise to send money from Detroit within
a few days.    He took the car to Detroit with Brighton's
knowledge.    Furthermore, he had the right under the
terms of the contract of purchase to take and use it
there or at any other place in this State.    After wait-
ing a reasonable time and receiving no money from
plaintiff, Brighton instituted a search for the car with
the view of taking possession thereof.    In making the
search he employed one or two assistants.    The
search consisted of nothing more than keeping an
eye open for the car while driving about Jackson.    Be-
tween August 29th and plaintiff's arrest on September
16th neither Brighton nor his assistants either saw or
talked with plaintiff or made demand on him for re-
turn of the car or request for information regarding
its location.    On Sunday, September 5th, plaintiff
again conducted religious services in his church at
Jackson, but, contrary to his custom, he parked the
car in a garage next door rather than in front of
the church.    He returned to Detroit the next day
without calling on Brighton with reference to this
matter.    These and other incidents of like general
character are chiefly relied upon by defendant's counsel
as establishing probable cause.

Brighton testified on cross-examination:

"*Q.* You had him arrested to get the automobile
or the money?
"*A.* I had him arrested to get the automobile because
we could not get the money.
"*Q.* Either one or the other?
"*A.* Because I could not get the money.    I had
him arrested because I could not get the automobile or
get the money; yes, sir.
"*Q.* Then your purpose in instituting this criminal

prosecution was to recover that automobile or to get the money?

"*A.* Recover possession of that automobile because the money was not forthcoming."

The declaration counted for false arrest and malicious prosecution. The count for false arrest was abandoned and trial was had on the count for malicious prosecution.

When the proofs were in, defendant's counsel moved. for direction of the verdict on the ground there was no evidence tending to show malice, or want of probable cause, and on the further ground that under the undisputed evidence the disclosure made by Brighton to the prosecuting attorney was such as to entitle defendant to the defense of advice of counsel as a matter of law. Decision of the motion was reserved and the questions submitted for the determination of the jury as disputed questions of fact. Plaintiff had verdict for $2,500. Thereafter the motion to direct was re-argued and denied, and for review of the judgment entered on the verdict defendant sued out writ of error.

Error is assigned on the refusal of the court to grant the motion to direct. Whether the evidence generally left the defense of advice of counsel and malice jury questions it will be needless to inquire. By his own admission Brighton's motive in procuring the arrest of plaintiff was to regain possession of the automobile. If one makes use of the criminal law for some collateral or private purpose, such as to compel the delivery of property or payment of a debt rather than to vindicate the law, he is guilty of a misuse of process and a fraud upon the law. His employment of the criminal law to obtain return of the automobile was effective to deprive defendant of the defense of advice of counsel and constituted strong if not conclusive proof of malice. The court said in *Gallaway* v. *Burr,* 32 Mich. 332:

241—Mich.—23.

"We are all of opinion that where a criminal prosecution is commenced for the purpose of collecting a private claim, such fact would be very strong, if not conclusive evidence of malice, and that advice of counsel under such circumstances would be no protection. The commencement of a criminal action for such a purpose is an abuse of the process of the courts, and cannot be justified."

See, also, *Seiber* v. *Price*, 26 Mich. 518; 38 C. J. p. 424.

We are satisfied, after due consideration of the evidence as a whole bearing on the question of probable cause, that the submission of that question for settlement by the jury was all, if not more, than defendant was entitled to.

Error is also assigned on the failure of the court to instruct the jury as to what facts in the case if found by them would establish probable cause. What constitutes probable cause in a particular case is a mixed question of law and fact. The correct practice requires that, where the facts are in dispute, the court shall state hypothetically what facts, if found, would constitute probable cause. *Slater* v. *Walter*, 148 Mich. 650. That was not done in this case. But the trial judge himself is not required to cull out from the record of the trial and compile for presentation to the jury all the facts, circumstances, and surroundings claimed by defendant to establish probable cause. It is the business of defendant's counsel to do that, and in doing it to keep within the rule limiting the inquiry to facts known when the prosecution was commenced; and to present his compilation to the court in the form of a request to charge.

Before the case was submitted the court requested counsel to draw up such a statement. He drew up a statement which was not filed or presented as a request to charge, but we will so treat it. It was properly refused. The rule is generally accepted that

in determining whether there was probable cause for the institution of a criminal prosecution, only those facts and circumstances as were known to the complainant at the time of instituting the criminal prosecution are to be considered, and not facts which subsequently appeared.    The inquiry as to probable cause goes back to the commencement of the criminal prosecution, and it relates to facts then known as they then appeared.    38 C. J. p. 407.    The statement drawn up by counsel was objectionable in this, that it included several material facts which did not come to Brighton's knowledge until after the arrest was made.    The rule is well established in this State that where a party asks an instruction which is partly good and partly bad, it is proper to refuse it altogether. *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143; *Bedford* v. *Penny,* 58 Mich. 424; *Courtemanche* v. *Supreme Court, I. O. F.,* 136 Mich. 30 (64 L. R. A. 668, 112 Am. St. Rep. 345).    If the charge was not as full on the subject mentioned as defendant desired, the fault may not be laid at the door of the trial judge.

Such of the remaining assignments of error as are not covered by what has been said are without merit.

The judgment below is affirmed, with costs to plaintiff.

FELLOWS, WIEST, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.