BELT *v.* RITTER

1. MALICIOUS PROSECUTION—CRIMINAL LAW.

 A person's interest in freedom from unjustifiable litigation is protected in part by the tort of malicious prosecution; but, that protection has always been qualified, both by the elements of the tort itself, and by the competing social interest of society in the efficient enforcement of the criminal law.

2. MALICIOUS PROSECUTION — IMMUNITY — JUDGES — DISTRICT AND PROSECUTING ATTORNEYS.

 Immunity from suits for malicious prosecution has long been granted to the judiciary and this immunity has gradually been extended to prosecuting attorneys, on the theory that they act in a quasi-judicial capacity.

3. MALICIOUS PROSECUTION — IMMUNITY — OFFICERS — LAW EN-FORCEMENT OFFICERS — PUBLIC OFFICERS.

 Immunity from actions for malicious prosecution should not be extended to all law enforcement officers, as such a rule would relieve a public officer of accountability in the exercise of his powers; adoption of a penal sanction as an exclusive remedy leaves the injured party without redress thus ignoring the interests of the private individual, assurance of full compensatory justice to the damaged individual should be paramount, and the interest of the individual in protection from *mala*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Malicious Prosecution § 1 *et seq.*
[2] 52 Am Jur 2d, Malicious Prosecution §§ 66, 67.
 Immunity of prosecuting officer from action for malicious prosecution. 118 ALR 1450.
[3] 52 Am Jur 2d, Malicious Prosecution § 68.
 Civil liability of law enforcement officers for malicious prosecution. 28 ALR2d 646.
[4] 4 Am Jur 2d, Alteration of Instruments § 81.

*fide* prosecutions is best assured by making the punitive tort-feasor civilly liable for malicious prosecution (MCLA § 600-.2907).

4. ALTERATION OF INSTRUMENTS — CRIMINAL LAW — WARRANT — PRESUMPTION.

   Recommendation of assistant prosecutor for the issuance of a warrant remains presumptively valid though visibly altered as an alteration which is apparent on the face of an instrument will be presumed to have been made before or at the time of execution of the instrument where plaintiff offered no evidence tending to show subsequent alteration of the document in question.

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ., reversing in part Oakland, Frederick C. Ziem, J. Submitted March 3, 1971. (No. 36 January Term 1971, Docket No. 52,563.) Decided August 27, 1971.

18 Mich App 495 affirmed.

Complaint by Marvin Belt against Danny C. Ritter, Lyle L. Stephens, Paschal Turner, and Elmer Neigebauer for malicious prosecution, false arrest, false imprisonment, illegal interference with private contracts, abuse of process, and violation of civil rights. Summary judgment for defendants granted on the counts of illegal interference with private contracts and violation of civil rights and denied on the other counts. Defendants appealed to the Court of Appeals on leave granted from denial of summary judgment as to the other counts. Reversed as to the counts of false arrest, false imprisonment, and abuse of process, and remanded for trial on the count of malicious prosecution. Plaintiff appeals. Defendants cross appeal. Affirmed.

*Mansfield, Sulzbach & Jones,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter N. Bienenman,* Special Assistant Attorney General, for defendants.

T. E. BRENNAN, J.

## THE CASE

Plaintiff is the owner and operator of a truck leasing business in Michigan, and defendants are enforcement officers for the Michigan Public Service Commission. In discharging their duty of enforcing the laws of the State of Michigan regulating the trucking industry, defendants came to believe that Marvin Belt was not running a regular leasing operation, but was actually hauling goods for hire under cover of his truck leasing arrangements. They accordingly caused the arrest and prosecution of plaintiff several times between October, 1961, and March, 1964, on the charge of hauling for hire without Michigan Public Service Commission authorization, CL 1948, § 477.1 (Stat Ann 1970 Rev § 22.548). The first such prosecution resulted in conviction, both before a justice of the peace and upon appeal to Oakland County Circuit Court. Plaintiff was also convicted by a jury of hauling for hire without authority on July 26, 1962, but that case was reversed on appeal on a technicality in the issuance of the warrant.

However, two other prosecutions initiated by defendants against plaintiff for hauling for hire without authority (relating to shipments on July 2, 1962, and January 14, 1963), ended in acquittal for plaintiff. Based on these two prosecutions and related events, plaintiff brought the instant civil action

against defendants, charging malicious prosecution, false arrest, false imprisonment, illegal interference with private contracts, abuse of process, and violation of plaintiff's civil rights under the color of law.

Defendants responded to plaintiff's complaint with a motion for summary judgment which was denied pending the filing of an answer. After answer was filed and a pretrial conference held, defendants filed another motion for summary judgment, supported by affidavits and documents. The trial judge granted summary judgment for defendants on the counts for illegal interference with private contracts and violation of civil rights, but he denied it on all the other counts.

Defendants applied for leave to appeal to the Court of Appeals pursuant to GCR 1963, 806.2, from the lower court's denial of their motion for summary judgment. The Court of Appeals granted leave by order of June 13, 1968, and concluded that the trial court had erred in denying defendants' motion for summary judgment on the counts of false arrest, false imprisonment, and abuse of process.[1] However, on the count of malicious prosecution, the Court of Appeals affirmed the trial court's denial of motion for summary judgment and remanded for trial. We granted leave[2] to consider a question which the Court of Appeals correctly determined to be one of first impression in Michigan; the amenability of law enforcement officers to suit in a civil damage action for malicious prosecution.

## DISCUSSION

A person's interest in freedom from unjustifiable litigation is protected in part by the tort of mali-

[1] 18 Mich App 495.
[2] 383 Mich 775.

cious prosecution. But that protection has always been qualified, both by the elements of the tort itself, and by competing social interests. The First Restatement of Torts has accurately defined those interests:

"The restrictions which the rules stated in this Topic impose upon a recovery for the wrongful prosecution of criminal proceedings represent an adjustment between two highly important social interests. The first is the interest of society in the efficient enforcement of the criminal law, which requires that private persons who aid in the enforcement of the law should be given an effective protection against the prejudice which is likely to arise from the termination of the prosecution in favor of the accused. The second is the interest which the individual citizen has in being protected against unjustifiable and oppressive litigation of criminal charges, which not only involve pecuniary loss but also distress and loss of reputation."[3]

In the context of extension of the tort to law enforcement officers, these interests appear to be in tenuous balance. The judiciary has long been granted immunity from suits for malicious prosecution, and this immunity has gradually been extended to cover prosecuting attorneys, on the theory that they act in a quasi-judicial capacity.[4] But further extension of this immunity to all law enforce-

---

[3] See, also, Prosser, Torts (3rd ed), § 113, p 869, for a more complete cataloguing of the full panoply of interests protected by, as well as damages recoverable in, an action for malicious prosecution.

[4] Significantly, the Restatement of Torts, § 656[d], states that only public prosecutors are immune from tort liability for malicious prosecution. In Comment d to that section, it is noted that the immunity " * * * *does not apply to all persons whose function it is to aid in the enforcement of the criminal law.* [Emphasis added.] Thus it does not give immunity to a peace officer who swears out a warrant against another in the mistaken belief that his conduct is such as to make him guilty of the offense charged against him." Proposed revision drafts of the Restatement have left the rule unchanged. See, e.g., Restatement of Torts, Second, T.D., No. 13, pp 148–168, dealing with the topic of malicious prosecution.

ment officers poses a somewhat different problem: one of approximating the most nearly adequate adjustment of the respective interests of the private individual and the public officer in terms of the larger public interest that is always present.

We decline to extend such immunity to all law enforcement officers. For one thing, such a rule would relieve a public officer of accountability in the exercise of his powers. Adoption of the penal sanction[5] as an exclusive remedy leaves the injured party without redress, and thus ignores totally the interests of the private individual. In this respect, we agree with Division 2:

"On the other hand, the citizen who is injured in the rare instance of genuine malicious prosecution by a police officer will not have an adequate remedy in the absence of the common-law action for malicious prosecution. Except in the case of a sheriff, there is not the possibility of electoral defeat of the malefactor which is sometimes mentioned as a sufficient remedy against judges and prosecutors. Criminal or administrative sanctions are also of questionable efficacy since the officials who would be responsible for applying those sanctions are likely to be the same who have an interest in maintaining good relations with police officers. But even vigorously applied sanctions would have the effect of vindicating only the interests of society in general. The particular citizen may have suffered a variety of injuries which would be compensated by a tort judgment but not by a criminal prosecution. He should be allowed his traditional tort remedy unless serious considerations of public policy weigh otherwise. As has already been pointed out, they do not."

The leading case granting such immunity is *White* v. *Towers* (1951), 37 Cal 2d 727 (235 P2d 209, 28 ALR2d 636), but Justice Carter in dissent has co-

_____
[5] MCLA § 600.2907 (Stat Ann 1962 Rev § 27A.2907).

gently stated the case against further extension of absolute immunity in actions for malicious prosecution:

"The majority opinion states that public officers should be protected from *'vindictive and retaliatory damage suits.'* The reverse situation is presented here: Any employee, clerk, assistant, investigator, inspector or deputy is, by this holding, protected when he has instigated the commencement and prosecution of a vindictive and malicious suit. This is true because the allegations of plaintiff's complaint must be taken as true, and he has alleged that the action was brought with malice and without probable cause."

With that reasoning, we agree. Extension of immunity to virtually any peace officer or law enforcement officer would result in a practical nullification of the tort of malicious prosecution. We conclude that assurance of full compensatory justice to the damaged individual should be paramount, and that the interest of the individual in protection from *mala fide* prosecutions is best assured by making the putative tortfeasor civilly liable for malicious prosecution.

We dispose quickly of plaintiff's contention that the Court of Appeals erred in finding that a recommendation for the issuance of a warrant signed by an assistant prosecutor was fatally defective. Plaintiff contends that exhibit 3, filed with the defendants' motion for summary judgment shows that a different handwriting placed the name of plaintiff above the name of one Michael Peter Mahar, and that therefore there was no valid recommendation for the issuance of a warrant. We need not reach the question of whether a defect in the prosecutor's recommendation for the issuance of a warrant is

jurisdictional,[6] since plaintiff has not met his burden of demonstrating that the document in question was in fact defective and invalid. Numerous decisions adhere to the rule that an alteration which is apparent on the face of an instrument will be presumed to have been made before or at the time of execution of the instrument.[7] See 4 Am Jur 2d, Alteration of Instruments, § 81. Since plaintiff has offered no evidence tending to show subsequent alteration of the document in question, the recommendation for the issuance of the warrant remains presumptively valid though visibly altered.

The decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

BLACK, J. As and for a vote to affirm, I adopt the opinion of Division 2 (18 Mich App 495). That vote is cast accordingly.

ADAMS, J., concurred with BLACK, J.

---

[6] A question which has divided our Court from *People* v. *Griswold* (1887), 64 Mich 722, to our recent *People* v. *Carter* (1967), 379 Mich 24.

[7] See 4 Am Jur 2d, § 82, p 77, for the rationale of this rule:
"The law never presumes fraud, and it is, moreover, not only harsh but opposed to general experience and modern commercial usage, to assume that all instruments are issued without erasure or blemish of any kind."