WILSON v YONO

1. MALICIOUS PROSECUTION—TORTS—HISTORY.

    The tort cause of action for malicious prosecution was developed as a means to resolve the inherent conflict between an individual's interest in avoiding unjustifiable and oppressive litigation of criminal charges and society's interest in effective law enforcement through full reporting of suspected criminal activity.

2. MALICIOUS PROSECUTION—ELEMENTS.

    The elements of malicious prosecution are: (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) "malice" or a primary purpose other than that of bringing the offender to justice.

3. MALICIOUS PROSECUTION—GOOD FAITH—PROSECUTING ATTORNEY—PROBABLE CAUSE.

    A defendant cannot be held liable for malicious prosecution unless he has taken some active part in instigating or encouraging the prosecution, and if the prosecuting witness has in good faith fully and fairly stated all the material facts within his knowledge to his own attorney, to the prosecuting attorney, or to the police, and acted upon his or their advice, proof of the fact establishes a case of probable cause for the prosecution.

4. MALICIOUS PROSECUTION—QUESTION OF LAW—FORGERY—UTTERING AND PUBLISHING.

    As a matter of law, defendant could not be held liable for malicious prosecution where he did not instigate the prosecution for uttering and publishing a forged instrument but merely went to the police and informed them about a "bad" check.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Malicious Prosecution § 8.

[2] 52 Am Jur 2d, Malicious Prosecution § 6.

[3, 5] 52 Am Jur 2d, Malicious Prosecution § 71 *et seq.*

[4] 52 Am Jur 2d, Malicious Prosecution § 150.

[6] 52 Am Jur 2d, Malicious Prosecution §§ 174, 184–186.

5. CRIMINAL LAW—UTTERING AND PUBLISHING—PROBABLE CAUSE—
   PROSECUTION.

   There is probable cause to instigate an action for prosecuting a
   defendant for uttering and publishing a forged instrument
   when the information possessed is believed and is such and
   from such sources that the generality of businessmen of ordi-
   nary care, prudence and discretion would prosecute under the
   same conditions.

6. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF FACT.

   The existence or want of probable cause on the part of a defend-
   ant in an action for malicious prosecution is a question of law
   where there is no dispute as to the facts available to the
   defendant when he signed a criminal complaint.

Appeal from Wayne, Michael L. Stacy, J. Sub-
mitted June 13, 1975, at Detroit. (Docket No.
20116.) Decided November 12, 1975.

Complaint by Leslie V. Wilson against Jerry
Yono for damages for malicious prosecution. Di-
rected verdict for defendant. Plaintiff appeals. Af-
firmed.

*Leonard R. Eston,* for plaintiff on appeal.

*Weinbaum & Abbo,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and
D. E. HOLBROOK, JR., JJ.

BRONSON, P. J. Plaintiff, Leslie Wilson, brought
suit against defendant Jerry Yono for malicious
prosecution. Wilson had been acquitted of uttering
and publishing a forged instrument, contrary to
MCLA 750.249; MSA 28.446, and defendant had
been the complaining witness in that prior case.
Plaintiff alleged in his complaint that defendant
had caused the prosecution to be instituted with-
out probable cause to believe plaintiff had commit-
ted that crime. At the close of the proofs, the trial

judge granted defendant's motion for a directed verdict, and plaintiff appeals by right.

The tort cause of action for malicious prosecution was developed as a means to resolve the inherent conflict between an individual's interest in avoiding unjustifiable and oppressive litigation of criminal charges and society's interest in effective law enforcement through full reporting of suspected criminal activity. The elements of this cause of action are (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) "malice" or a primary purpose other than that of bringing the offender to justice. Prosser, Torts (4th ed), § 119, p 835; *Weiden v Weiden,* 246 Mich 347, 352; 224 NW 345 (1929).

It is clear that defendant cannot be held responsible unless he has taken some active part in instigating or encouraging the prosecution. Therefore, the following rule was developed to handle one frequently occurring set of circumstances:

"If the prosecuting witness has in good faith fully and fairly stated all the material facts within his knowledge to his own attorney or the prosecuting attorney and acted upon his or their advice, proof of the fact establishes a case of probable cause." *Swaney v John Schlaff Creamery Co,* 212 Mich 567, 569–570; 180 NW 599 (1920).

That rule has been consistently applied in a long line of Michigan cases. See, *Christy v Rice,* 152 Mich 563; 116 NW 200 (1908), *Clanan v Nushzno,* 261 Mich 423; 246 NW 168 (1933), *DeVitis v Newcomb-Endicott Co,* 264 Mich 1; 249 NW 487 (1933), *Baker v Barach,* 297 Mich 219; 297 NW 472 (1941),

*Drobczyk v Great Lakes Steel Corp,* 367 Mich 318; 116 NW2d 736 (1962), *Tomita v Tucker,* 18 Mich App 559; 171 NW2d 564 (1969), *Belt v Ritter,* 18 Mich App 495; 171 NW2d 581 (1969), *aff'd,* 385 Mich 402; 189 NW2d 221 (1971), *Taft v J L Hudson Co,* 37 Mich App 692; 195 NW2d 296 (1972). Although the cases seem to talk in terms of probable cause, it is clear that the rule is based upon the idea that defendant has not in fact instituted the prosecution. *Cf.,* Prosser, Torts (4th ed), § 119, p 836; *Renda v International Union, UAW,* 366 Mich 58, 84; 114 NW2d 343 (1962).

To come within the scope of the above rule, the complaining witness does not have to go directly to the prosecutor. Several cases have held that the defendant was not liable, as a matter of law, where he went to the police, the police made an independent investigation, and the prosecutor instituted charges upon the recommendation of the police department. See, for example, *Gooch v Wachowiak,* 352 Mich 347; 89 NW2d 496 (1958), *Sottile v DeNike,* 20 Mich App 468; 174 NW2d 148 (1969). Such was the situation here, and the trial judge properly ruled as a matter of law that defendant could not be held liable.

The facts as to defendant's actions with respect to the police department and the prosecutor's office are undisputed. Plaintiff cashed a check at defendant's store in February, 1970. That check was drawn on the account of Central Identification Detective Agency [CID] and contained the forged signature of Wilius Harris, the owner of CID. When the check was returned for insufficient funds, defendant called Mr. Harris and was told that the check was stolen. Defendant contacted plaintiff at least once, but the substance of their conversation was in dispute. Plaintiff claimed that

he referred defendant to Harris, while defendant claimed that plaintiff assured him that he would make the check good.

Defendant finally went to the police. He testified at trial that he informed them about a "bad" check he had received, never characterizing it as a "stolen" check. Further, he testified that he did not specify any individual as the wrongdoer. Several police witnesses stated that the police department made an independent investigation. Mr. Harris was contacted, and he stated that the check was stolen and forged and that he had never issued a check to plaintiff. When initially contacted by the police, plaintiff told them that the check was a paycheck from Mr. Harris. After that investigation, the police requested the prosecuting attorney to issue a warrant for plaintiff's arrest. They also requested defendant to come down and swear out a complaint before a magistrate, which he did.

It is clear that the trial judge acted properly in dismissing the case for defendant did not instigate the prosecution here. There was a full disclosure by the defendant of all material facts within his knowledge. A warrant was then issued upon the recommendation of the police, and defendant merely acquiesced in signing the complaint. As the Court concluded in *Christy v Rice, supra,* p 566:

"It must be assumed that defendant, in swearing to this affidavit, if he himself believed the truth of the statements, was acting under the direction of the prosecutor, and had the right to assume that the prosecutor was instituting the suit on behalf of the public."

The trial judge properly granted defendant's motion for a directed verdict.

We do not want to be understood as saying that

plaintiff lacked probable cause to actually instigate a prosecution against defendant. There is probable cause to do so when:

"[T]he information possessed is believed and is such and from such sources that the generality of business men *[sic]* of ordinary 'care, prudence and discretion' would prosecute upon it under the same conditions * * * ." *Hamilton v Smith,* 39 Mich 222, 226 (1878).

Where there is no dispute as to the facts available to the defendant upon which he relied when he signed the complaint, the existence or want of probable cause on his part is a matter of law to be determined by the court, *Clanan v Nushzno, supra, Baker v Barach, supra, Sottile v DeNike, supra, LaLone v Rashid,* 34 Mich App 193; 191 NW2d 98 (1971).

The trial judge would also have been correct if he had held that defendant Yono had probable cause to actively instigate a prosecution against plaintiff. The following facts were undisputed: that the plaintiff passed a check payable to himself, drawn on Central Identification Detective Agency, to defendant; that defendant cashed the check and paid to plaintiff $72.12 in cash and merchandise; that the owner of Central told plaintiff that the check was stolen and forged; that plaintiff offered no explanation to defendant as to how he gained possession of the forged check; and that the police recommended prosecution of plaintiff after an investigation. A prudent businessman would be certain to prosecute under those circumstances.

Plaintiff raised two other issues on appeal, but they do not merit discussion.

Affirmed, costs of this appeal to defendant.