SIMMONS v TELCOM CREDIT UNION

Docket No. 95037. Submitted October 6, 1987, at Detroit. Decided June 19, 1989.

Johnnie L. Simmons was charged with uttering and publishing following a police investigation which was initiated on the basis of information supplied by employees of Telcom Credit Union. The charges were dismissed at the conclusion of a preliminary examination. Simmons brought an action in Oakland Circuit Court against Telcom Credit Union, alleging several tort claims, including one for malicious prosecution. In granting summary disposition in favor of defendant, the trial court, Richard D. Kuhn, J., rejected plaintiff's contention that defendant may be held liable for malicious prosecution based on its failure to intervene and have the criminal proceedings against him discontinued after defendant discovered facts exonerating plaintiff. Plaintiff appealed.

The Court of Appeals *held:*

1. An action for malicious prosecution may lie against one who has instituted a criminal proceeding which was amply supported by probable cause at inception where such person, after discovering facts which exonerate the accused, fails to disclose such facts. In this case, a remand is necessary for further factual development on the question whether defendant allowed the criminal action against plaintiff to proceed after it had discovered information exonerating plaintiff.

2. The trial court did not err in finding that the parts of the complaint alleging defamation were deficient as a matter of pleading practice.

Remanded.

HOLBROOK, JR., P.J., concurred with regard to disposition of the defamation claim but disagreed with the majority's holding that a claim for malicious prosecution may be maintained for a failure to disclose exculpatory facts that come to light after the

REFERENCES

Am Jur 2d, Malicious Prosecution § 26.

Malicious prosecution: liability for instigation or continuation of prosecution of plaintiff mistakenly identified as person who committed an offense. 66 ALR3d 10.

instigation of criminal proceedings. He would hold that lack of probable cause as an element of malicious prosecution is determined by those facts and circumstances as were known to the complainant at the time of instituting the criminal prosecution, and not facts which subsequently appeared.

MALICIOUS PROSECUTION — FAILURE TO DISCLOSE EXONERATING INFORMATION.

An action for malicious prosecution may lie against one who has instituted a criminal proceeding which was amply supported by probable cause at inception where such person, after discovering facts which exonerate the accused, fails to disclose such facts.

*Ducastel & Rosenthal, P.C.* (by *David L. Rosenthal*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen* and *Marisa C. Petrella*), for defendant.

Before: HOLBROOK, JR., P.J., and SHEPHERD and D. L. SULLIVAN,* JJ.

SHEPHERD, J. This is an appeal from an order of summary disposition entered by the circuit court after it determined that at least five different theories of tort recovery raised in the complaint were subject to dismissal under MCR 2.116(C)(8) or (10). Addressing only those two theories that plaintiff has briefed on appeal, we remand for further proceedings on plaintiff's malicious prosecution theory.

Without summarizing the entirety of circumstances upon which plaintiff's malicious prosecution claim is premised, we note the parties' agreement to the following facts: Employees of defendant credit union, suspicious of plaintiff's involvement in passing counterfeit checks, reported their suspicions to the police, who conducted an investi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gation culminating in the issuance of a criminal warrant against plaintiff for uttering and publishing. An investigation conducted by defendant's insurance company subsequently exonerated plaintiff from any wrongdoing. The gravamen of plaintiff's claim against defendant appears to be that defendant should have reported the result of the insurance investigation to the appropriate public officials, thereby presumably obtaining dismissal of the criminal charges already instituted and pending. The criminal proceedings were eventually terminated favorably to plaintiff at the conclusion of a preliminary examination.

In reviewing the malicious prosecution claim, we begin with a point that may not be ignored: after the warrant was issued, defendant acquired enough additional information to prompt it to conclude that plaintiff was innocent and to return to plaintiff's account approximately $4,000 that represented the amount of the forged checks. This information, including the fact that defendant returned the $4,000 to plaintiff, was not communicated by defendant to the prosecutor or the police. The criminal case was allowed to proceed and was not dismissed until months later.

A defendant's liability in a malicious prosecution suit involving a criminal prosecution is derived from the role played by the defendant in instituting or continuing that criminal prosecution. *Wilson v Yono,* 65 Mich App 441; 237 NW2d 494 (1975). A defendant's role in continuing a prosecution presents different and distinct problems from the defendant's role in initiating the prosecution.

In the latter case, a defendant is immunized from a suit if he makes a full and fair disclosure of all material facts to law enforcement officials and does nothing more to advance a prosecution based

upon such information. *Renda v International Union, UAW,* 366 Mich 58, 84; 114 NW2d 343 (1962); *Rivers v Ex-Cell-O Corp,* 100 Mich App 824, 833; 300 NW2d 420 (1980). The reason for this rule is that, under these circumstances, the defendant is not the "instigator" of the criminal prosecution since it is the prosecuting attorney who acts on the information and makes the recommendation for an arrest warrant. On the other hand, when a defendant fails to make a full and fair disclosure, including the failure to disclose material exculpatory information which might dissuade a prosecutor from seeking a warrant, *Rivers, supra,* p 834, an action for malicious prosecution may be pursued since the defendant's omission might effectively foreclose a proper exercise of discretion by the prosecutor. 54 CJS, Malicious Prosecution, § 20, p 541. A separate and distinct basis which precludes liability in a malicious prosecution suit is if the police made an independent investigation and the prosecutor instituted charges based on that investigation and the recommendation of the police department, instead of the information or statements supplied by the defendant. *Wilson, supra,* p 444; 54 CJS, *supra,* p 541. The reason for this rule, as in the case of full and fair disclosure, is that the defendant was not the "instigator" of the prosecution.

The common theme underlying both of these rules is that it is the prosecutor who is actually deciding whether to institute the criminal proceeding, i.e., whether there is probable cause to seek an arrest warrant, and it is the individual's active role or influence in that decisional process that determines whether the individual should be treated as the true "instigator" of the prosecution. Further, it is clear that the requirement that the individual's conduct be sufficient to treat the indi-

vidual as the true "instigator" of the prosecution is a separate and distinct requirement from the element of malicious prosecution requiring that there be an absence of probable cause for the proceeding. *Wilson, supra; Friedman v Dozorc*, 412 Mich 1, 48; 312 NW2d 585 (1981). While the requirement of probable cause occurs in the "instigator" stage, it refers to a determination of whether there was probable cause to *initiate* the criminal action based on the facts known or as they appear at the time the criminal action is commenced. *Hall v American Investment Co*, 241 Mich 349; 217 NW 18 (1928).

Here, plaintiff, at least in part, seeks to hold defendant liable for damages caused by its failure to disclose exculpatory evidence after the action was initiated. Notwithstanding the fact that a person who has instituted a criminal proceeding may have had probable cause for the commencement thereof, if that person afterwards acquires a means of asserting that the charge is not well-founded, his failure to intervene and have the prosecution discontinued or to sever his connection therewith may render that person liable for damages resulting from the continued maintenance of the prosecution. 52 Am Jur 2d, Malicious Prosecution, § 26, p 203. An exception to this rule is recognized where the person has no control over the criminal proceeding once it has been properly commenced. 54 CJS, *supra*, p 541; 52 Am Jur 2d, *supra*, p 203. Under Restatement Torts, 2d, § 655, liability is limited to those cases where the defendant takes an active role in procuring the continuation of the prosecution, as by insisting on or urging further prosecution, after discovering facts that indicate that there is no probable cause for believing the accused guilty.

For these reasons, we conclude that, to the

extent that plaintiff seeks to predicate liability on defendant's *continuation* of the criminal proceedings after discovering exculpatory information, this claim should be regarded as separate and distinct from any claim pertaining to the "instigator" stage of the criminal prosecution.

Part of the difficulty in this case is the meager factual record developed below by defendant, in moving for summary disposition, and by plaintiff, in opposing the motion. Defendant seemed to base its motion on the fact that the police conducted an investigation and normally presented this information to the prosecution in order to procure an arrest warrant. However, the deposition testimony relied on by defendant failed to establish what information the prosecutor actually relied on in deciding whether to seek an arrest warrant and the detective who was deposed could not recall precisely what procedure was followed. Hence, the defendant, as the moving party, failed in its burden to present sufficient factual support for its motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). The trial court acknowledged as much in its opinion and order when it stated that the police "apparently" conducted their own independent investigation. Under these circumstances, we hold that a genuine factual issue existed as to whether the prosecutor acted on the basis of an independent investigation or upon information presented by the defendant. Accordingly, the only basis upon which summary disposition under MCR 2.116(C)(10) would be appropriate is if defendant was immunized from the malicious prosecution suit by making a full and fair disclosure before the criminal proceeding was *initiated* pursuant to the arrest warrant and did not thereafter have a role in *continuing* the criminal proceeding after discover-

ing facts that led it to believe that plaintiff was not guilty.

As previously discussed, there is nothing in the record to suggest that defendant and its employees failed to fully and fairly disclose all facts within their knowledge at the time the criminal proceeding was initiated. With regard to defendant's failure to seek a dismissal of the criminal proceeding, the Restatement position would limit liability to those circumstances where defendant's role in continuing the proceeding was "active." However, we believe that the Restatement position is too limited.

Actions for malicious prosecution have long been disfavored and have not been encouraged except in plain cases. *Renda, supra,* pp 74-75. Nevertheless, there are many circumstances under which the courts of this state have imposed a duty to speak upon a defendant. Hence, in a fraud case, the suppression of information may constitute silent fraud when there is a legal or equitable duty of disclosure. *US Fidelity & Guaranty Co v Black,* 412 Mich 99, 126; 313 NW2d 77 (1981). The duty of disclosure arises where the party to a business transaction discovers information prior to the time the transaction is consummated and where fair dealings require a disclosure of the new information. *Id.,* p 127. A duty to speak has also been recognized in negligence actions where there is a special relationship between the parties. For instance, a landowner may owe a duty to disclose dangers to a licensee where the landowner knows or has reason to know of the danger. *Bradford v Feeback,* 149 Mich App 67, 71; 385 NW2d 729 (1986).

It is true that the common law has distinguished liability based on active misconduct from that based on passive inaction causing injury, and has

been slow to recognize liability in the latter situation. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 498; 418 NW2d 381 (1988). The duty has, however, been imposed when justified by considerations of social policy. *Id.,* p 499. While the tort of malicious prosecution is disfavored, the question of whether an individual's role in the criminal proceeding justifies imposing liability likewise involves a consideration of social policy. *King v Arbic,* 159 Mich App 452, 465; 406 NW2d 852 (1987). As was observed in *Belt v Ritter,* 385 Mich 402, 406; 189 NW2d 221 (1971), quoting from the First Restatement of Torts:

> "The restrictions which the rules stated in this Topic [Malicious Prosecution] impose upon a recovery for the wrongful prosecution of criminal proceedings represent an adjustment between two highly important social interests. The first is the interest of society in the efficient enforcement of the criminal law, which requires that private persons who aid in the enforcement of the law should be given an effective protection against the prejudice which is likely to arise from the termination of the prosecution in favor of the accused. The second is the interest which the individual citizen has in being protected against unjustifiable and oppressive litigation of criminal charges, which not only involve pecuniary loss but also distress and loss of reputation."

This is not a case where a private citizen reports a crime to the authorities and then abandons the matter. Defendant had a pecuniary interest in reporting the facts to the police and in having the criminal prosecution proceed to its conclusion. Defendant continued to investigate on its own. It defies one's imagination to believe that the prosecutor would have continued on with the case if defendant had come forward with its information

as soon as it acquired it or, at least, as soon as it returned the money to plaintiff. We, therefore, hold that under the facts alleged by plaintiff there was a clear duty to speak and that a failure to come forward would constitute a breach of duty. We remand to the circuit court for further factual development and for trial on defendant's liability, if any, for continuing the criminal proceeding after discovering facts that led it to believe that defendant was not guilty. Based on the meager factual record in this case, we are unable to say that no factual development could justify recovery by plaintiff. Accordingly, summary disposition was inappropriate. *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987).

Plaintiff briefly argues that the circuit court erred in finding that the parts of the complaint alleging defamation were deficient as a matter of pleading practice. We agree with the circuit court that the complaint lacked the requisite degree of specificity. See *Ledl v Quik Pik Food Stores, Inc,* 133 Mich App 583, 589-590; 349 NW2d 529 (1984). In view of the absence of an indication in the record that plaintiff requested an opportunity to amend the complaint or explained how an amendment could avoid this pleading deficiency, we decline to remand with leave for plaintiff to amend the complaint. On remand, the proceedings shall be limited to plaintiff's malicious prosecution claim.

Remanded. Jurisdiction is not retained.

D. L. Sullivan, J., concurred.

Holbrook, Jr., P.J., *(concurring in part and dissenting in part).* Although I concur in the propriety of summary disposition of the defamation

claim, I am unpersuaded by the majority's holding that a claim for malicious prosecution may be maintained on the theory that the actor failed to disclose exculpatory facts that came to light only after the instigation of criminal proceedings against the plaintiff. More particularly, I fail to see any support in Michigan law for the proposition that fraudulent concealment after the onset of criminal proceedings is actionable on the basis of the actor's passive role in continuing the prosecution. Accordingly, I would apply the holding in *Hall v American Investment Co,* 241 Mich 349, 355; 217 NW 18 (1928), that lack of probable cause as an element of malicious prosecution is determined by "those facts and circumstances as were known to the complainant at the time of instituting the criminal prosecution . . . and not facts which subsequently appeared," and would affirm.

As the majority acknowledges, the Restatement position does not support their holding:

> *Active participation required.* In order that there may be liability under the rule stated in this Section, the defendant must take an active part in their prosecution after learning that there is no probable cause for believing the accused guilty. It is not enough that he appears as a witness against the accused either under subpoena or voluntarily, and thereby aids in the prosecution of the charges which he knows to be groundless. His share in continuing the prosecution must be active, as by insisting upon or urging further prosecution. The fact that he initiated the proceedings does not make him liable under the rule stated in this Section merely because he intentionally refrains from informing a public prosecutor, into whose control the prosecution has passed, of subsequently discovered facts that clearly indicate the innocence of the accused, even though they have the effect of convincing him that this is the fact. [3 Restatement Torts, 2d, § 655, comment c, p 414.]

Whether or not the imposition of liability under the facts of this case would be good social policy is better left undecided. The question of whether tort liability should be expanded in this fashion should be reserved for our Supreme Court to decide.