RINGO v RICHARDSON

Docket No. 77-4481. Submitted January 10, 1979, at Detroit.—Decided February 21, 1979. Leave to appeal applied for.

Michael L. Ringo was charged with unlawful possession of a credit card with intent to circulate, and was acquitted. He then brought an action against Clyde Richardson, a dealer-operator of a Shell service station, and against Shell Oil Company, for malicious prosecution, false imprisonment and libel and slander. The libel and slander count was dismissed, being barred by the statute of limitations. A verdict was returned against both defendants on the other counts. Defendant Richardson's motion to set aside the verdict and for judgment notwithstanding the verdict was granted. Shell Oil Company's motion for judgment notwithstanding the verdict or, alternatively, for a new trial was denied, and judgment was entered against Shell in the entire amount of the jury verdict, Wayne Circuit Court, Lysle G. Hall, Jr., J., and Shell appeals. *Held:*

1. The plaintiff failed to carry his burden of proof on the element of lack of probable cause to prosecute. The evidence presented at trial was sufficient to show that there had been probable cause to prosecute on the criminal charge. Several facts which the plaintiff claims that Shell's agent failed to disclose to the police were either immaterial or unknown to the agent at the time the warrant for plaintiff's arrest was requested, and even if those facts had been known to the police, probable cause to arrest the plaintiff would have existed. The trial court should have granted Shell's motion for directed verdict as to the malicious prosecution claim.

2. The claim of false imprisonment is not valid because the arrest warrant was issued upon probable cause and the arrest, therefore, was lawful.

Reversed, and case dismissed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 849, 886.

[2] 52 Am Jur 2d, Malicious Prosecution §§ 6-8.

[3] 52 Am Jur 2d, Malicious Prosecution § 50 *et seq.*

[4] 52 Am Jur 2d, Malicious Prosecution §§ 23, 50 *et seq.*

[5] 52 Am Jur 2d, Malicious Prosecution § 23 *et seq.*

[6] 41 Am Jur 2d, Indictments and Informations §§ 119, 120.

1. APPEAL AND ERROR — MOTIONS — DIRECTED VERDICT — JUDGMENT NOTWITHSTANDING THE VERDICT.

The Court of Appeals, in reviewing a trial court's denial of a motion for a directed verdict or for a judgment notwithstanding the verdict, views the evidence in the light most favorable to the party opposing the motion, and if reasonable men could differ as to the meaning of the evidence, the motion was properly denied.

2. MALICIOUS PROSECUTION — ELEMENTS.

The elements of malicious prosecution are (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) malice or a primary purpose other than that of bringing the offender to justice.

3. CRIMINAL LAW — PROBABLE CAUSE TO PROSECUTE — PRIVATE CITIZENS.

A citizen has probable cause to institute a criminal prosecution where the information that is possessed is believed and is such and from such sources that the generality of businessmen of ordinary care, prudence and discretion would prosecute upon the information under the same conditions.

4. MALICIOUS PROSECUTION — PROBABLE CAUSE TO PROSECUTE — BURDEN OF PROOF.

The plaintiff in an action for malicious prosecution bears the burden of proving lack of probable cause to prosecute.

5. MALICIOUS PROSECUTION — GOOD FAITH — MATERIAL FACTS.

A defendant may escape liability for malicious prosecution where he in good faith fully and fairly revealed all material facts within his knowledge to the police or to the prosecutor who in the exercise of discretion proceeded to prosecute; however, if the defendant failed to make a full and fair disclosure of all material facts, if he gave false information, or if he interfered with the police or prosecutor's discretion, he may not escape liability.

6. CRIMINAL LAW — DATE OF OFFENSE — STATUTES.

It is not necessary to prove the exact date of an offense in order to convict a defendant of that offense (MCL 767.45, 767.51; MSA 28.985, 28.991).

*Rader, Eisenberg & Feldman,* for plaintiff.

*Dahlberg, Mallender & Gawne* (by *Philip A. Grashoff, Jr.),* for Shell Oil Company.

Before: BRONSON, P.J., and R. M. MAHER and J. T. LETTS,* JJ.

PER CURIAM. Following the dismissal of a criminal charge of unlawful possession of a credit card with intent to circulate, plaintiff brought this action against Shell Oil Company, whose agent had signed the complaint in the criminal proceedings. Defendant Richardson is an independent dealer-operator of a Shell station. Richardson had identified plaintiff in the criminal proceedings as the man who presented a stolen credit card, which he confiscated. The plaintiff's complaint alleged (1) malicious prosecution, (2) false imprisonment, and (3) libel and slander. At the close of the plaintiff's case in chief, the court granted the defendants' motion to dismiss the libel and slander count because it was barred by the statute of limitations. The defendants' motions for directed verdicts on counts 1 and 2 were denied. The defendants' motions for directed verdicts were renewed at the close of all of the evidence, and again were denied. The jury returned a verdict against both defendants in the amount of $34,100, of which $14,000 was assessed by the jury as actual damages. The motion of defendant Richardson to set aside the verdict and for judgment notwithstanding the verdict (n.o.v.) was granted. Shell Oil's motion for judgment n.o.v. or, in the alternative, for a new trial was denied, and judgment was entered against Shell in the amount of $34,100. Shell brings this appeal as of right, claiming that the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court erred in denying its motions for directed verdicts or for judgment n.o.v.

In reviewing a trial court's denial of a motion for a directed verdict or judgment n.o.v., we view the evidence in the light most favorable to the party opposing the motion. If reasonable men could differ as to the meaning of the evidence, the motion was properly denied, *Birou v Thompson-Brown Co,* 67 Mich App 502; 241 NW2d 265 (1976). To facilitate application of this test to the case at bar, we summarize the evidence adduced at trial.

Thomas Barbour, a Shell Oil Company credit card investigator, received a call from the Windsor Police Department inquiring as to the existence of any information concerning a purportedly stolen credit card in the name of Lonzy Durden, Jr. Barbour was told that a black male, about 25 years of age, had presented a Shell credit card bearing Mr. Durden's name to a gas station attendant in Windsor, Ontario. When given the receipt for signature the driver signed Mr. Durden's name and changed the Michigan license number FFD 305 which the attendant had written on the receipt, to FPD 305. As the car drove away the attendant remarked the correct license number FFD 305 on his copy of the receipt.

Upon receipt of the foregoing information, Barbour requested the Shell Oil Company credit card department to advise him of whether the Lonzy Durden credit card had been reported stolen. He also requested that he be furnished with the file relating to the Durden credit card. The file indicated that the card had been reported stolen on February 26, 1972.

At Barbour's request, the Detroit Police Department obtained information from the Secretary of State's office with respect to the ownership of the

automobile bearing Michigan license plate number FFD 305. The Secretary of State's report disclosed that the automobile was registered in the name of the American Can Company and Michael L. Ringo. Barbour then learned by calling the American Can Company that Michael L. Ringo was its employee. Barbour presented the information which he had received from the Windsor police and from the Shell credit department to the Detroit police.

Sergeant Petricevich of the special investigation section of the Detroit Police Department obtained a picture of the plaintiff, which was attached to an application for a wine salesman's license. The police department gave Barbour the picture of Ringo and four other persons to use when asking various gas station attendants if they could identify the user of the stolen credit card. In an attempt to get an identification of the card user, Barbour exhibited the pictures to personnel at three or four Shell stations without obtaining an identification.

In August or September, 1972, a black male attempted to use the Lonzy Durden stolen credit card for the purchase of gasoline at a service station owned by the defendant, Richardson. When Richardson demanded identification, none was presented. Richardson then checked the card through the Shell Oil Company's computerized stolen/lost card tracing system and was told that the card was stolen and that he should retain it. Richardson told the card user that he was retaining the card; the driver purchased the gasoline with cash and left the station. Richardson could not remember the date on which he confiscated the card. His testimony was that it was in the "fall of the year", in August or September. On September 21, 1972, Richardson gave the recovered card to a Shell Oil

Company sales representative. The salesman gave the card to Barbour, who in turn gave the recovered card to the Detroit Police Department.

Barbour then exhibited to Richardson the photographs which he had obtained from the Detroit Police Department, and asked Richardson if one of them was the driver of the automobile who attempted to use the stolen credit card. Richardson positively identified the plaintiff, Michael L. Ringo, as that individual.

Several of the signatures on the receipts appeared to Barbour and the investigating officers to be similar to a known signature of the plaintiff, Ringo. Many of the fraudulent invoices exhibited an attempt to change the FFD 305 license number which the attendant had endorsed thereon.

The Detroit Police Department prepared a complaint, information, and request for warrant, alleging that the plaintiff possessed the credit card of another with intent to circulate. Barbour signed the complaint at the request of police officers. A warrant was issued and plaintiff was arrested. After a bench trial in Recorder's Court, plaintiff was acquitted.

The plaintiff at all times denied ever being at Richardson's service station and denied that he ever used the Shell credit card.

The elements of malicious prosecution are:

"(1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) 'malice' or a primary purpose other than that of bringing the offender to justice."

*Wilson v Yono,* 65 Mich App 441, 443; 237 NW2d 494 (1975). It is the third element of this definition

which is the focus of inquiry in the case before us. A citizen has probable cause to prosecute when:

" '[T]he information possessed is believed and is such and from such sources that the generality of business men *[sic]* of ordinary "care, prudence and discretion" would prosecute upon it under the same conditions * * *.' *Hamilton v Smith,* 39 Mich 222, 226 (1878)." *Wilson v Yono, supra,* 446.

The burden of proving lack of probable cause is on the plaintiff, *Taft v J L Hudson Co,* 37 Mich App 692; 195 NW2d 296 (1972).

Taking the evidence presented at trial in the light most favorable to plaintiff, we are convinced that he failed to carry his burden of proof on the element of lack of probable cause. The evidence established that:

(1) Barbour knew that the credit card in question was stolen.

(2) Barbour knew that the card had been used several times by someone driving a car with the license number FFD 305.

(3) Barbour knew that the signatures on several of the receipts appeared similar, and that the card user attempted to change the license numbers on several of the receipts.

(4) Barbour knew that the license number FFD 305 was registered to Ringo's employer and to Ringo.

(5) Barbour then learned that Richardson had seized the stolen card, and that Richardson positively identified Ringo as the person who attempted to use the card, from a picture of Ringo supplied by the police. These facts are sufficient to establish probable cause.

Plaintiff lays heavy emphasis on the fact that Barbour did not tell the Detroit police everything

he knew about the alleged offense. It is true that a defendant may escape liability for malicious prosecution by showing that he in good faith fully and fairly revealed all material facts within his knowledge to the police or prosecutor, who then in exercise of his uncontrolled discretion proceeded to prosecute, see *Wilson v Yono, supra,* and cases cited therein. A defendant may not escape liability, however, if he failed to make a full and fair disclosure of all material facts, if he gave false information, or if he interfered with the official's discretion, as through improper pressure to prosecute, *Renda v International Union, UAW,* 366 Mich 58; 114 NW2d 343 (1962). There is no evidence that Barbour made false statements or that anyone interfered with the prosecutor's exercise of his discretion. Plaintiff, however, points to three facts which he alleges that Barbour failed to reveal to the police: (1) Barbour had shown plaintiff's photograph to attendants at other service stations where the stolen card had been used without obtaining an identification; (2) Richardson did not recall the date on which he confiscated the card; and (3) Richardson did not pay much attention to the man from whom he confiscated the card, because he serviced 1500 customers per day and because he lost interest once the man paid cash for the gas.

Regarding the first allegation, it is sufficient to say that the failure to identify plaintiff by other persons present on other occasions when the stolen card was used would give neither Barbour nor the police reason to doubt the positive identification made by Richardson. It is noteworthy that only Richardson knew at the time of the encounter that the card was stolen.

Regarding point (2), on which the trial court

based its denial of defendant's motions, we point out that it is not even necessary to prove the exact date of the offense to convict a defendant, MCL , 767.45; MSA 28.985, MCL 767.51; MSA 28.991, *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976).

Regarding the third alleged fact, there is nothing in the record to show that Barbour knew that Richardson paid little attention to the man. Richardson did not recall having told Barbour so, nor did Barbour remember being told. Moreover, Richardson offered this fact only as an explanation for his inability to recall details of the man's appearance, while he at all times affirmed his identification of plaintiff's photograph as positive and unhesitating.

None of the facts which Barbour allegedly failed to disclose negates his claim of full and fair disclosure of all material facts to the police. The missing facts were either immaterial or unknown to Barbour at the time of the warrant request. Even had all these facts been revealed to the police, probable cause to arrest plaintiff would have existed. See *Gooch v Wachowiak,* 352 Mich 347; 89 NW2d 496 (1958). The trial court was in error in denying defendant's motions for directed verdicts as to the malicious prosecution claim.

Because the warrant was issued upon probable cause, the arrest of defendant was lawful. The false imprisonment claim must therefore fall as well. See *Donovan v Guy,* 347 Mich 457; 80 NW2d 190 (1956), *Tumbarella v The Kroger Co,* 85 Mich App 482; 271 NW2d 284 (1978).

The judgment against defendant is reversed and the case dismissed.