FORT WAYNE MORTGAGE COMPANY v CARLETOS

Docket No. 78-5294. Submitted June 11, 1979, at Detroit.—Decided March 4, 1980. Leave to appeal denied, 408 Mich ——.

Fort Wayne Mortgage Company brought an action seeking the recovery of funds disbursed to Carlos Carletos and Swiss Construction Company, Inc., a corporation whose sole stockholder is Carletos, for construction work allegedly done on a building rehabilitation project. Plaintiff alleged that, because of forged draw request forms which had been submitted by defendants, the Federal Housing Administration, insurer of the loan, had refused to pay Fort Wayne, upon default of the loan, that portion of the loan represented by the forged draw requests. Defendant Carletos filed a counterclaim for malicious prosecution, alleging that the plaintiff had submitted to Federal officials the draw request forms for the purpose of avoiding its obligations to the defendants, knowing that the Federal officials would bring criminal charges and that the plaintiff did this despite knowing the defendants had no·intent to defraud the FHA by the submission of the draw release forms. Carletos further alleged that he had been indicted by a Federal grand jury on fraud charges arising out of his submission of the draw requests, had been tried and had been acquitted on the charges. Plaintiff moved for summary judgment on the malicious prosecution counterclaim on the basis that Carletos had failed to state a cause of action upon which relief would be granted. The Wayne Circuit Court, Thomas Roumell, J., granted the motion for summary judgment on the counterclaim and entered a final order of judgment dismissing the counterclaim. Carletos appeals. *Held:*

1. Since the motion for summary judgment on the malicious

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 229.
[2] 52 Am Jur 2d, Malicious Prosecution § 6.
[3] 52 Am Jur 2d, Malicious Prosecution §§ 83, 174.
[4] 52 Am Jur 2d, Malicious Prosecution § 177.
Malicious prosecution: effect of grand jury indictment on issue of probable cause. 28 ALR3d 748.
[5] 52 Am Jur 2d, Malicious Prosecution §§ 140-142.
[6] 52 Am Jur 2d, Malicious Prosecution §§ 122, 123.

prosecution counterclaim was based on the premise that Carletos failed to state a claim upon which relief could be granted, the trial court could look only to the allegations contained in the counterclaim in its consideration of the motion. For the purpose of consideration of that motion, all well-pleaded material allegations contained in the counterclaim had to be taken as true.

2. The elements of malicious prosecution are: (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of proceedings in favor of the accused, (3) absence of probable cause for the proceeding, and (4) "malice" or a primary purpose other than that of bringing the offender to justice.

3. While normally the return of a grand jury indictment will form the basis upon which to establish probable cause and thereby negate the lack of probable cause element necessary to sustain an action for malicious prosecution, where, as here, the malicious prosecution defendant fails to make a full and fair disclosure of all facts to the public officials, the mere fact that a grand jury returns an indictment does not, standing alone, establish probable cause. The trial court was therefore in error in holding that the malicious prosecution counterclaim could not be established because of the grand jury indictment.

4. While the malice necessary to establish a malicious prosecution action may be inferred from the absence of probable cause under certain circumstances, that rule should not be extended to the present situation. To apply such a rule where, as here, the inference would also require reliance upon the rule that imputes to the principal the knowledge of each of its agents would render the inference of malice so uncertain or speculative as to be a mere conjecture or possibility. In the absence of any allegation that the mortgage company employees having knowledge of inculpatory facts were aware of the exculpatory facts or that the mortgage company employees having knowledge of the exculpatory facts were aware of the prosecution of Carletos, an inference of malice based upon lack of probable cause cannot fairly be drawn.

5. The element of malice, however, we sufficiently pled by the allegation in the malicious prosecution complaint which alleged that the motive of the mortgage company in submitting the allegedly forged documents to government officials was for a private purpose rather than in the interest of bringing Carletos to justice. Such an allegation, if taken as true, as it must for the purpose of a motion for summary judgment on the basis of

failure to state a claim upon which relief can be granted, is sufficient to satisfy the malice element necessary for an action for malicious prosecution.

Reversed and remanded.

1. MOTIONS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — PLEADING — ALLEGATIONS — COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief can be granted is to be tested by the pleadings alone and on such a motion all of the nonmoving party's well-pleaded material allegations must be taken as true (GCR 1963, 117.2[1]).

2. MALICIOUS PROSECUTION — ELEMENTS.

The elements of malicious prosecution are: (1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) "malice" or a primary purpose other than that of bringing the offender to justice.

3. MALICIOUS PROSECUTION — GOOD FAITH — MATERIAL FACTS.

A defendant may escape liability for malicious prosecution where he in good faith fully and fairly revealed all material facts within his knowledge to the police or to the prosecutor who in the exercise of discretion proceeded to prosecute; however, if the defendant failed to make a full and fair disclosure of all material facts, if he gave false information, or if he interfered with the police or prosecutor's discretion, he may not escape liability.

4. MALICIOUS PROSECUTION — GRAND JURY INDICTMENT — PROBABLE CAUSE — MATERIAL FACTS.

The return of a grand jury indictment does not alone establish probable cause, such that a defendant can escape liability for malicious prosecution, where the defendant has not made a full and fair disclosure of all the facts.

5. MALICIOUS PROSECUTION — WANT OF PROBABLE CAUSE — MALICE — INFERENCES.

Malice may not be inferred in a malicious prosecution action from a failure of a corporate defendant to disclose fully and completely both inculpatory and exculpatory facts where there is no allegation by the plaintiff that the employee of the corporation who disclosed to authorities the inculpatory facts was aware of the exculpatory facts or that the employees

having knowledge of the exculpatory facts were aware of the prosecution of plaintiff.

6. MALICIOUS PROSECUTION — MALICE — CORPORATION MOTIVE — SUFFICIENCY OF PLEADINGS.

An allegation in a complaint for damages for malicious prosecution that a corporation had submitted to public officials documents which were allegedly forged by the plaintiff for the purpose of avoiding its obligations to the plaintiff is sufficient to plead the element of malice necessary to state a cause of action for malicious prosecution, since the alleged motive of the corporation was other than bringing the plaintiff to justice.

*Collins & Einhorn, P.C.,* for plaintiff.

*James F. Finn* and *Mark S. Michael,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

R. M. RANSOM, J. Defendant Carlos Carletos (hereinafter defendant) appeals as of right from the trial court's order granting plaintiff's motion for summary judgment, which dismissed defendant's counterclaim alleging malicious prosecution.

The record indicates money was loaned by plaintiff for several construction projects being undertaken by various construction companies controlled by defendant. The loans were insured by the Federal Housing Administration (FHA). In order to have the money distributed as needed, Carletos would obtain a "construction draw" by submitting a "draw request form", FHA form 2403. Before plaintiff would release any money, the form had to be signed by various persons, including certain FHA officials.

Barbara Peterson, an employee of plaintiff in the accounting department, discovered a $.60 dis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

crepancy in one of defendant's accounts. The FHA was informed of the discrepancy and a Federal investigation followed, which appeared to indicate that $419,000 had been paid to defendant by means of forged draw requests. Defendant was prosecuted on the charge of violating 18 USC 1010 and was acquitted.

Thereafter, plaintiff filed a complaint against defendant and one of his construction companies seeking recovery of the monies which the defendant allegedly had obtained by fraudulent means. Defendant filed a counterclaim in which he alleged that he had become short of money on one project and, thus, had entered into an agreement with certain of plaintiff's agents, whereby plaintiff would be able to advance the necessary moneys to defendant. The agreement allegedly called for defendant to present to plaintiff forged draw requests relating to one of defendant's construction projects, with plaintiff then advancing monies to defendant for the other project which needed the additional monies, on the understanding the advances would be repaid by defendant when he received additional funding from the Federal government. According to defendant, plaintiff's employees knew the above arrangement was undertaken "solely for the purpose of internal accounting control" and not to defraud the Federal government.

Defendant further alleged that in spite of its knowledge concerning the above agreement, plaintiff presented the forged draw requests either to HUD or the FBI as evidence of defendant's intent to defraud the Federal government.

Plaintiff sought summary judgment on the counterclaim pursuant to GCR 1963, 117.2(1) on the ground that Barbara Peterson only provided infor-

mation to Federal authorities and that prosecution was based "solely upon the judgment and discretion of Assistant United States Attorney".

On appeal, defendant argues the trial court erred in granting plaintiff's motion for summary judgment because the counterclaim did state a claim upon which relief could be granted. We agree.

A motion for summary judgment pursuant to GCR 1963, 117.2(1), which alleges the opposing party has failed to state a claim or defense, is tested by reference to the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). The well-pleaded allegations of the claimant must be accepted as true, and summary judgment must be denied unless the claim is so untenable as a matter of law that no factual development could support the claim. *Bob v Holmes,* 78 Mich App 205, 211; 259 NW2d 427 (1977).

The elements of malicious prosecution are: "(1) a criminal proceeding instituted or continued by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) absence of probable cause for the proceeding, and (4) 'malice' or a primary purpose other than that of bringing the offender to justice." *Wilson v Yono,* 65 Mich App 441, 443; 237 NW2d 494 (1975). The Court in *Ringo v Richardson,* 88 Mich App 684, 691; 278 NW2d 717 (1979), further stated:

"It is true that a defendant may escape liability for malicious prosecution by showing that he in good faith fully and fairly revealed all material facts within his knowledge to the police or prosecutor, who then in exercise of his uncontrolled discretion proceeded to prosecute, see *Wilson v Yono, supra,* and cases cited therein. A defendant may not escape liability, however, if he failed to make a full and fair disclosure of all

material facts, if he gave false information, or if he interfered with the official's discretion."

On the basis of the above law, we find the trial court was incorrect in ruling an action for malicious prosecution could not be established because defendant was indicted by a Federal grand jury. Normally, an indictment by a grand jury will form the basis upon which to establish probable cause. Nevertheless, if a full and fair disclosure is not made, a defendant may not escape liability for malicious prosecution, even if a grand jury returns an indictment. Thus, the return of an indictment by a grand jury, standing alone, will not establish probable cause.

Although certain malicious prosecution cases have held that malice may be inferred from a want of probable cause,[1] we are unwilling to extend such rule to the case at bar. In those cases wherein it is alleged that the individual or entity which instituted the proceedings had actual knowledge of all the material facts but engaged in selective disclosure of only inculpatory information, such rule is properly applied. In such cases, the inference that the person or entity acted for a primary purpose other than that of bringing the offender to justice is warranted.

Such conclusion does not obtain here. It was not here alleged that the employee who disclosed the inculpatory information knew of the exculpatory information nor that those who knew of such exculpatory information knew that Carletos was being prosecuted. Lack of probable cause here is premised on the general rule of law which charges

---

[1] *Drobczyk v Great Lakes Steel Corp*, 367 Mich 318; 116 NW2d 736 (1962), *Weiden v Weiden*, 246 Mich 347; 224 NW 345 (1929).

a principal with the knowledge of each of its agents.[2]

An inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility. See *People v Orsie,* 83 Mich App 42; 268 NW2d 278 (1978). We hold that to infer malice from a lack of probable cause under the circumstances of the present case would effect a violation of this rule. The inference here cannot fairly be drawn.

The inference, however, is not necessary in this case. The malice of a corporation consists in the motives which prompt the action of its representatives. *Tutton v Olsen & Ebann,* 251 Mich 642, 650; 232 NW 399 (1930). Defendant's counterclaim for malicious prosecution alleges that plaintiff submitted to Federal officials the allegedly forged documents "all for the purpose of seeking to avoids *[sic]* its obligations to [the defendant]". The allegation satisfies the malice element of defendant's cause of action in the sense that it states that plaintiff's primary purpose was other than that of bringing the defendant to justice. See *Ringo v Richardson, supra.*

The other elements of defendant's cause having been sufficiently alleged, the grant of summary judgment on the ground that defendant failed to state a claim upon which relief can be granted, GCR 1963, 117.2(1), was erroneous. We remand to the trial court but note that our ruling should not be interpreted to prejudice the right of Fort Wayne Mortgage Company to seek summary judgment under GCR 1963, 117.2(3) if deemed appropriate.

Reversed and remanded.

---

[2] *Macomb v Wilkinson,* 83 Mich 486; 47 NW 336 (1890), *Loveland v Bump,* 198 Mich 564; 165 NW 855 (1917).