PEOPLE v DUENAZ

Docket No. 80841. Submitted November 14, 1985, at Detroit.—Decided December 17, 1985.

Richard A. Duenaz was convicted of fourth-degree criminal sexual conduct following a jury trial in St. Clair Circuit Court, James T. Cordon, J., and was subsequently convicted at a bench trial on a supplemental information charging him as a habitual offender, second conviction. Defendant was sentenced to one year in the St. Clair County Jail. He appealed. *Held:*

1. The trial court did not err in denying defendant's motion for a directed verdict of acquittal at the close of the prosecutor's case-in-chief. A rational trier of fact could find that the essential elements of a forcible sexual contact were proven beyond a reasonable doubt.

2. Defendant's claim that the prosecutor failed to establish the sexual contact element of the charged offense is without merit.

3. The trial court did not err in denying defendant's motion for judgment notwithstanding the verdict. There was competent evidence to support the jury's guilty verdict and reasonable men could differ as to the meaning of the evidence.

4. Defendant's contention that the trial court erred in admitting evidence concerning another encounter which occurred between defendant and complainant subsequent to the incident for which defendant was charged was not preserved for appellate review and no manifest injustice will result from refusal to review the claim. The claim therefore will not be reviewed.

5. Defendant's argument that the fourth-degree criminal

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 14 *et seq.*

Am Jur 2d, Judgments §§ 106 *et seq.*

Am Jur 2d, Rape §§ 2 *et seq.*

Am Jur 2d, Trial §§ 463 *et seq.*

What constitutes offense of sexual battery. 87 ALR3d 1250

See also the annotations in the ALR3d/4th Quick Index under Direction of Verdict; Habitual Criminals; Sexual Relations and Offenses.

sexual conduct statute and the statutory definition of "sexual contact" are void for vagueness under the due process clause of the U.S. Constitution is without merit. The statute provided defendant with sufficient notice that his conduct was prohibited.

6. The trial court did not err in concluding that fourth-degree criminal sexual conduct is a felony for purposes of the habitual offender statute.

Affirmed.

1. MOTIONS AND ORDERS — DIRECTED VERDICTS.

A court when ruling on a motion for a directed verdict of acquittal must view the evidence presented in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.

2. RAPE — SEXUAL CONTACT.

Sexual contact for purposes of the criminal sexual conduct statutes may be proven by establishing that the touching of an intimate part of the victim's body was intentional and can reasonably be construed as being for the purpose of sexual arousal or gratification (MCL 750.520a[k]; MSA 28.788[1][k]).

3. MOTIONS AND ORDERS — DIRECTED VERDICTS — APPEAL — JUDGMENT NOTWITHSTANDING THE VERDICT.

The Court of Appeals, in reviewing a trial court's denial of a motion for a judgment notwithstanding the verdict or for a directed verdict, views the evidence in the light most favorable to the party opposing the motion and, if reasonable men could differ as to the meaning of the evidence, the motion was properly denied.

4. APPEAL — EVIDENCE — PRESERVING QUESTION.

An objection to the admission of evidence on a basis not raised in the trial court will not be heard for the first time on appeal absent a showing of manifest injustice.

5. CRIMINAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms.

6. Constitutional Law — Due Process — Statutes — Vagueness.

Constitutional challenges on the ground of vagueness to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

7. Constitutional Law — Due Process — Statutes — Over-breadth — Standing.

Due regard for principles of standing, and recognition that declaring a statute unconstitutional is the gravest and most delicate duty that a court is called upon to perform, mandate that, outside the context of the First Amendment, one to whom the application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.

8. Criminal Law — Sentencing — Fourth-Degree Criminal Sexual Conduct — Habitual Offenders.

A crime carrying a two-year maximum sentence, even if such crime is statutorily designated as a misdemeanor for the purposes of the Penal Code, is treated as a felony for the purposes of the Code of Criminal Procedure; accordingly, a conviction for fourth-degree criminal sexual conduct is a felony for the purposes of the habitual offender statutes despite the express designation of fourth-degree criminal sexual conduct as a misdemeanor (MCL 750.520e, 761.1[g]; MSA 28.788[5], 28.843[g]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Peter Pappas, P.C.,* (by *Ellen E. Mason),* for defendant.

Before: Beasley, P.J., and V. J. Brennan and Cynar, JJ.

Per Curiam. Following a jury trial held in St. Clair County Circuit Court, defendant was convicted of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Defendant was also convicted at a bench trial on a supple-

mental information charging him as a habitual offender, second conviction, MCL 769.10; MSA 28.1082. Defendant was sentenced on July 11, 1984, to serve one year in jail. He now appeals as of right.

The incident complained of occurred on February 18, 1984. Complainant, April Lumley, was employed as a cook at defendant's restaurant. Shortly after arriving at work, complainant walked into the restaurant's storeroom to get some rice. Defendant also entered the storeroom. Defendant approached complainant and grabbed her by the arm. Complainant attempted to pull away from defendant. Defendant, however, continued to pull complainant's arm and forced her down to the floor. He then pulled complainant's shirt open and began to fondle her breasts. Complainant testified that she screamed for help and hit defendant in the face with a cup. Defendant then pulled away and promised that he would not touch complainant again.

The people rested after calling on complainant and Hope Rosales, an employee of defendant's restaurant, to testify. Defendant moved to dismiss on the basis that the complaining witness's testimony was not credible. The trial court denied the motion, holding that the proofs showed sexual contact and force and that complainant's credibility was a matter for the jury.

Defendant testified as follows. His initial contact with the complainant was accidental. He was standing back-to-back with complainant and was reaching up to a shelf when he lost his balance, bumped into her and almost fell. Defendant started grabbing complainant and when he put his arms around her, she did not respond. Complainant wiggled a little, but did not forcibly pull away. At that point, defendant lost his head and wanted

to see how far he could go. He grabbed her by the breast over the top of her blouse and the blouse came undone. However, complainant did not resist and he did not pull at the blouse to force it open. After complainant's blouse came undone, her bra came off and defendant just started to fool around. Complainant asked defendant to stop. Defendant then stopped and pulled himself away. Defendant apologized and stated that he would not touch complainant again. Defendant testified that he did not force himself on complainant.

After the jury found defendant guilty of fourth-degree criminal sexual conduct, defendant moved for judgment notwithstanding the verdict on the ground that the verdict went against the great weight of the evidence. The trial court denied the motion.

Defendant claims that the trial court erred in denying his motion for a directed verdict of acquittal at the close of the prosecutor's case in chief. We disagree.

When ruling on a motion for a directed verdict of acquittal, the trial judge must view the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *cert den* 449 US 885 (1980).

Viewed most favorably to the prosecution, the evidence in this case demonstrated that defendant pulled complainant to himself and then onto the floor. Complainant was restrained by defendant and she resisted. Defendant then pulled complainant's shirt open and fondled her breasts. Based on this evidence, we conclude that a rational trier of fact could find that the essential elements of a forcible sexual contact were proven beyond a rea-

sonable doubt. See MCL 750.520e(1)(a); MSA 28.788(5)(1)(a) and MCL 750.520b(f)(i); MSA 28.788(2)(f)(i).

Defendant further contends, however, that the prosecutor failed to establish the sexual contact element of the charged offense. Defendant's claim is without merit. MCL 750.520a(k); MSA 28.788(1)(k) defines sexual contact to include the intentional touching of the victim's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification. MCL 750.520a(c); MSA 28.788(1)(c) defines "intimate parts" to include a breast of a human being.

Sexual contact may be proven by establishing that the touching of an intimate part of the victim's body was intentional and can reasonably be construed as being for the purpose of sexual arousal or gratification. *People v Fisher,* 77 Mich App 6, 13; 257 NW2d 250 (1977), *lv den* 402 Mich 811 (1977). Evidence was produced at trial that indicates that defendant intentionally touched complainant's breasts. The manner in which defendant touched complainant can reasonably be construed as a touching for the purpose of sexual arousal or gratification. We conclude that the trial court properly denied defendant's motion for a directed verdict of acquittal.

Next defendant argues that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict. Defendant states that his motion was governed by MCR 2.611(A)(1)(e) on new trials. However, motions for judgment notwithstanding the verdict are governed by MCR 2.610.

In reviewing a trial court's denial of a motion for judgment notwithstanding the verdict or directed verdict, we view the evidence in the light most favorable to the party opposing the motion. If

reasonable men could differ as to the meaning of the evidence, the motion was properly denied. *Ringo v Richardson,* 88 Mich App 684; 278 NW2d 717 (1979), *lv den* 407 Mich 906 (1979).

Viewing the evidence presented at trial in this case in a light most favorable to the prosecutor, we conclude that there was competent evidence to support the jury's guilty verdict and reasonable men could differ as to the meaning of the evidence. The trial court's denial of defendant's motion for judgment notwithstanding the verdict was therefore proper.

Defendant further claims that the trial court erred in admitting evidence concerning another encounter which occurred between defendant and complainant. Subsequent to the incident complained of herein, defendant placed a "hickey" on complainant's body. Defendant contends that evidence of this action constituted evidence of a subsequent bad act, which is inadmissible in a criminal trial. Because defendant failed to object to the challenged evidence at trial, appellate review of this claim is precluded, absent a manifest injustice. *People v Hayward,* 127 Mich App 50; 338 NW2d 549 (1983). Our review of the record in this case indicates that the evidence establishing the requisite elements of the charged offense was overwhelming. We therefore conclude that no manifest injustice would result from our refusal to review this claim.

Defendant next argues that the fourth-degree criminal sexual conduct statute and the definition of "sexual contact" are void for vagueness under the due process clause of the U.S. Constitution. We disagree.

In *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976), our Supreme Court set forth the follow-

ing three criteria for determining whether a statute is void for vagueness:

"1. It does not provide fair notice of the conduct proscribed.

"2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.

"3. Its coverage is overbroad and impinges on First Amendment freedoms."

The Court also noted that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand". 396 Mich 21. In *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981), the Supreme Court noted that a statute is unconstitutionally vague and overbroad if it fails to provide sufficient notice as to what conduct is prohibited. The Court, quoting *United States v Raines,*[1] specifically stated the following:

"Due regard for principles of standing, and recognition that declaring a statute unconstitutional is ' "the gravest and most delicate duty that this Court is called on to perform" ', mandate that, outside the context of the First Amendment,

" 'one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.' " (Footnotes omitted.)

The challenged statutory provisions, MCL 750.520a(k); MSA 28.788(1)(k), and MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), read as follows:

---

[1] *United States v Raines,* 362 US 17, 20-21; 80 S Ct 519; 4 L Ed 2d 524 (1960), including a quote from Holmes, J., in *Blodgett v Holden,* 275 US 142, 148; 48 S Ct 105; 72 L Ed 206 (1927).

"Sec. 520a. * * *

"(k) 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

\* \* \*

"Sec. 520e. (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if either of the following circumstances exists:

"(a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (iv)."

Defendant essentially claims that the fourth-degree criminal sexual conduct statute fails to provide notice of what conduct is proscribed and fails to provide judges and jurors with standards to determine whether a crime has been committed.

Defendant's argument relative to the fourth-degree criminal sexual conduct statute is without merit in the case at bar.

The charge against defendant included the allegation that he engaged in sexual contact with complainant by use of force or coercion. The complainant testified that defendant forced her down onto the floor, pulled her shirt open and fondled her breasts. We believe that the forcible fondling of complainant's breasts by defendant is sexual contact properly proscribed by the statute. Defendant cannot claim that the challenged statute did not provide him with sufficient notice that his conduct was prohibited.

Defendant also claims that, under the statutory definition of sexual conduct, there are many hypothetical situations of innocent conduct which could

be chargeable under the act. Defendant cannot be heard to attack the statute on this basis. *Lynch, supra,* p 352.

Finally, defendant argues that the trial court erred by concluding that fourth-degree criminal sexual conduct is a felony for purposes of the habitual offender statute since it is designated as a misdemeanor by its own terms. We addressed this issue in *People v McGill,* 131 Mich App 465, 477; 346 NW2d 572 (1984), where we stated that "[a]lthough the conduct punished in the statute is termed a misdemeanor, it is punishable by up to two years imprisonment". A felony is defined under Michigan's Code of Criminal Procedure to include a violation of a penal law which is punishable by imprisonment for more than one year. See MCL 761.1(g); MSA 28.843(g). As the *McGill* Court concluded, fourth-degree criminal sexual conduct offenses are therefore felonies for the purposes of the habitual offender statutes. The fact that the Legislature approved the fourth-degree criminal sexual conduct statute after MCL 761.1(g); MSA 28.843(g) was enacted into law and still designated the offense as a misdemeanor does not change this result.

Affirmed.