*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 18, 2020

Plaintiff-Appellee,

v

No. 346516
Wayne Circuit Court
LC No. 18-003763-01-FH

CUBA GREGORY,

Defendant-Appellant.

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant, Cuba Gregory, appeals as of right his conviction of fourth-degree criminal sexual conduct, arguing that the prosecutor presented insufficient evidence that he committed the elements of the offense. We affirm.

## I. BACKGROUND

Both the victim and defendant were employed by the City of Detroit, through a program called the "board up brigade," a group of about 40 workers who secured unoccupied dwellings. The victim's job required that she take accurate measurements of window and door openings, cut boards to size, nail those boards against the openings of unoccupied buildings, and trim shrubbery. Defendant worked as the victim's supervisor.

In August 2017, the victim and her coworkers were preparing for a press conference in which the mayor planned to showcase their program. When the victim and her coworkers discussed what to wear for the mayor's press conference, defendant suggested that the victim should wear her jeans "as tight as [she] wanted to." Defendant's remarks made the victim uncomfortable.

The next day, the victim and her coworkers participated in the mayor's press conference. To do so, approximately 20 to 30 workers secured boards to an unoccupied dwelling. Although the workers had secured the dwelling the previous day, they removed the boards and then reboarded the house while on camera, to provide video footage for the mayor's event. After the

victim finished boarding up the house, defendant asked her to come with him to the side of the property, near the garage. The victim did not notice anyone else in that area.

According to the victim, defendant told her that the board measurements were off by a few inches. The victim checked the boards and told defendant that her measurements were accurate. The victim did not understand why defendant made an issue of her measurements, considering that the boards defendant identified had already been placed on the unoccupied dwelling the day before, and were accurate. When the victim turned and began to walk away from defendant, he slapped her on the buttocks with the palm of his hand. The victim was angered by defendant's slap and questioned his behavior, saying "this right here this some bull. You called me over for this. Like come on now." Defendant said he was "sorry," that he "didn't mean it like that," that he coached a team, and that the slap on her buttocks meant "good game." When the victim told defendant that they were not playing a game, defendant said he was not "trying to lose [his] job."

The victim testified that she did not give defendant consent to slap her on the buttocks, and that she did not interpret the slap on her buttocks as "encouragement" or as a signal that she was doing a "good job." Rather, the victim felt violated and believed that defendant had taken advantage of her. After defendant slapped her on the buttocks, the victim complained to her employer about the incident and filed a police report.

Defendant was arraigned, pleaded not guilty, and waived his right to a jury trial. After a bench trial, the trial court found defendant guilty of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b)(*v*) (force or coercion), and assault and battery, MCL 750.81(1). The trial court sentenced defendant to 18 months of probation for each conviction.

This appeal followed.

## II. ANALYSIS

## A. STANDARD OF REVIEW

This Court reviews de novo a challenge to the sufficiency of the evidence in a bench trial. *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). Furthermore, this Court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id.* at 619. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to establish the elements of a crime. Minimal circumstantial evidence is sufficient to prove an actor's state of mind." *People v Fennell*, 260 Mich App 261, 270-271; 677 NW2d 66 (2004).

## B. SUFFICIENCY OF THE EVIDENCE

Defendant does not challenge his conviction for assault and battery. In his sole issue on appeal, defendant argues that the prosecutor failed to present sufficient evidence to support his

conviction of CSC-IV. Defendant contends that no "sexual contact" occurred because he did not touch the victim for a sexual purpose, and that the assault was not accomplished through concealment or surprise. We conclude that the prosecutor presented sufficient evidence to allow a rational trier of fact to find, beyond a reasonable doubt, that defendant committed CSC-IV.

The elements of CSC-IV are as follows:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:
>
> * * *
>
> (b) Force or coercion is used to accomplish the sexual contact. Force or coercion includes, but is not limited to, any of the following circumstances:
>
> * * *
>
> (*v*) When the actor achieves the sexual contact through concealment or by the element of surprise. [MCL 750.520e(1)(b)(*v*).]

For purposes of CSC-IV, the term "sexual contact" is defined as follows:

> "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . . [MCL 750.520a(q).]

"Sexual contact may be proven by establishing that the touching of an intimate part of the victim's body was intentional and can reasonably be construed as being for the purpose of sexual arousal or gratification." *People v Duenaz*, 148 Mich App 60, 65; 384 NW2d 79 (1985) (citation omitted). Furthermore, because the plain language of MCL 750.520e(1)(b)(*v*) uses the disjunctive term "or," the prosecutor was not required to establish that defendant made sexual contact through both concealment and the element of surprise. Use of the term "or" establishes an alternative. See *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011).

## 1. SEXUAL CONTACT

Defendant first argues that did not commit "sexual contact" because the evidence was insufficient to prove that he touched the victim for the purpose of sexual arousal or gratification. Defendant argues that slapping the victim on the buttocks was simply meant to convey "good job," and that not every slap on the buttocks is sexual in nature.

The record evidence was sufficient for the trial court to conclude that defendant made "sexual contact" with the victim when he intentionally slapped her on the buttocks, an identified intimate area of the body. MCL 750.520a(q); MCL 750.520a(f). Defendant's comment that the victim wear tight jeans to the press conference, combined with defendant slapping her on her

-3-

buttocks the next day, permits a reasonable inference that the defendant touched the victim's intimate parts for the purpose of sexual arousal or gratification under MCL 750.520a(q).

To the extent defendant suggests that slapping the victim on the buttocks was simply meant to convey "good job," defendant's subjective intent is irrelevant. "[C]riminal sexual conduct is a general intent crime; a defendant's *specific* intent is not at issue." *People v Piper*, 223 Mich App 642, 646; 567 NW2d 483 (1997). "[A] general intent crime merely requires the intent to perform the physical act itself." *Fennell*, 260 Mich App at 266 (cleaned up).

Even though proof of defendant's specific intent was not required, the record evidence was sufficient to support the inference that defendant knew his action was inappropriate. The victim did not give defendant consent to slap her on the buttocks. In fact, the victim expressed her disdain to defendant about his pretextual reason for calling her to the side of the house, where she would be isolated from her coworkers. After defendant slapped the victim, she turned back to defendant, and he said that he was "sorry," and he "didn't mean it like that." When the victim asked defendant why he slapped her, defendant responded that he "coach[ed] a team" and that the slap on her buttocks meant "good game." When the victim told defendant that they were not playing a game, defendant said he was not "trying to lose [his] job." This interaction provided sufficient evidence from which the trial court could reasonable infer that defendant knew his action was inappropriate. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant slapped the victim's buttocks for the purpose of sexual arousal or gratification.

### 2. CONCEALMENT OR SURPRISE

Alternatively, defendant asserts that, even if "sexual contact" did occur, it was not accomplished through concealment or the element of surprise, and his actions therefore did not qualify as force or coercion for purposes of MCL 750.520e(1)(b)(*v*).

The trial court found that defendant induced the victim to accompany him to an isolated area, away from the sight of coworkers, under the pretext of telling the victim that her board measurements were inaccurate. When defendant and the victim were in the secluded area, defendant used the opportunity to slap the victim's buttocks. Based on the evidence presented at trial, it was reasonable for the trial court to infer that defendant made "sexual contact" by the element of surprise because defendant arranged to be with the victim in an isolated area under the pretext of dealing with a work-performance matter, and waited until the victim faced away from defendant to make sexual contact.

Defendant also argues that he did not make "sexual contact" with the victim by the element of surprise because he and the victim were speaking directly to each other, and he did not sneak up on her or jump out at her unexpectedly. The victim, however, testified that defendant slapped her on her buttocks with the palm of his hand, after she turned away from defendant and started to walk away. The victim's testimony provides sufficient evidence to support defendant's sexual offense and does not require the corroboration of additional evidence. See MCL 750.520h. Further, this Court defers to the trial court's credibility determinations in a bench trial, because the trial court is in a better position to judge the credibility of the witnesses before it. See *Kanaan*,

278 Mich App at 618. This Court "may not attempt to resolve credibility questions anew." *People v Gadomski*, 232 Mich App 24, 28; 592 NW2d 75 (1998).

Based on the victim's testimony, the trial court reasonably concluded that defendant made the sexual contact by the element of surprise, which satisfies MCL 750.520e(1)(b)(*v*). Although defendant emphasizes that he did not conceal himself when he slapped the victim on the buttocks, because the prosecutor proved that defendant made sexual contact by the element of surprise, the prosecutor was not required to prove that defendant also made sexual contact through concealment. See *Kowalski*, 489 Mich at 499.

The evidence supports defendant's conviction of CSC-IV in violation of MCL 750.520e(1)(b)(*v*), because defendant made "sexual contact," by slapping an intimate body part of the victim by force or coercion, through the element of surprise. No basis exists for reversal of defendant's conviction.

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron